BOWIE, use of LADD, *et al. vs.* DUVALL.—*December,* 1829.

The statute 3*d and* 4*th Anne, Ch.* 9, declares that promissory notes shall be assignable or endorsable over in the same manner as inland bills of exchange are, or may be, according to the custom of merchants; and power is by the same statute given to endorsees, to maintain actions against the drawers, or prior endorsers of such notes, in the same manner as in cases of inland bills of exchange.

By this statute, bills of exchange and promissory notes are placed on the same footing, and the law applicable to bills, is in general applicable to promissory notes.

When a bill of exchange is endorsed in full, all the legal interest is transferred to the endorsee, and having the legal interest, he alone is qualified to maintain an action on such bill. He cannot use the name of the payee, because the payee having transferred his interest, can have no competency to maintain an action.

So where it appeared that the note of the defendant, payable to B or order, had been endorsed as follows, "I assign the within for value received, to L;" signed B, but which endorsement was erased just before the jury was sworn; it was held that an action in the name of B, originally instituted for the use of L, could not be maintained, upon the note, as there was no evidence from which the jury could infer that the payee and plaintiff was the holder of the note; neither could an action be maintained on the money counts, although there was proof of an express promise to pay the sum demanded in such suit, as that must be considered as enuring to the benefit of him who had a right to the note.

If a note duly endorsed in full, should, in the regular course of commercial dealing, come back to the hands of a prior endorser, or of the payee, it would be competent for such person as the holder, to strike out the endorsement, and sue in his own name.

English decisions made since the revolution, have no authoritative force here.

In an action against the maker of a note, payable at the house of the payee and plaintiff, on a certain number of days after date, no demand of payment is necessary to be averred or proved.

APPEAL from *Prince George's* County Court. This was an action of *assumpsit*, brought by the payee against the maker of a promissory note. The declaration contained a count on a note drawn on the 4th of September, 1821, by the appellee, (the defendant in the court below) for $1387 65, payable sixty days after date, to the appellant (the plaintiff in that court) or order; and also the common money counts. The general issue was pleaded.

1. At the trial, the plaintiff offered in evidence the following promissory note:

"$1387 65        *Prince George's* County, Sept. 4, 1821.

Sixty days after date, I promise to pay *Washington Bowie*, or order, thirteen hundred and eighty-seven dollars and sixty-five cents, for value received, and payable at the house of *W. Bowie*.                    *John Duvall.*"

The signature of *John Duvall* thereto, being admitted to be in the hand writing of the defendant. The defendant then offered in evidence, that the said note had been specially endorsed by the plaintiff as follows: "I assign the within for value received, to *John H. Ladd & Co.*                    *Washington Bowie.*"

*Alexandria*, 22d October, 1822.

The signature of the plaintiff being admitted, the whole of the said endorsement was erased just before the jury was empanneled. The defendant further proved by the docket entries, that the suit was originally instituted for the use of *John H. Ladd & Co.* The defendant then prayed the court to instruct the jury that the plaintiff was not entitled to recover. Of which opinion the court [*Stephen*, Ch. J. and *Key* and *Plater*, A. J.] were, and so instructed the jury, there being no proof offered that *Washington Bowie*, the legal plaintiff, ever had actual possession of the note, after the special endorsement, except that the note was filed in the cause. The plaintiff excepted.

2. The defendant then, on the above evidence, prayed the court to instruct the jury, that as the plaintiff had not averred in his declaration, that the amount of the said note was demanded by him at the house of *Washington Bowie*, agreeably to the

terms of said note, and no proof of a demand was given to the jury; the plaintiff was not entitled to a verdict. And the court being of that opinion, so instructed the jury. The plaintiff excepted.

3. In addition to the above evidence, the plaintiff proved by a competent witness, that after the institution of this suit, the defendant, in conversing with the witness relative to this suit, stated that he was making exertions to pay off the suit against him, and that he could easily do so if he was not forced to sell his property, and that he only wanted time. That he never, in any numerous conversations to the same effect, intimated to the witness that he had paid the note, or had any defence whatever, except once, when he then stated (after the witness had refused to grant him any indulgence) that he intended to dispute the claim, and that his counsel had been so instructed. The witness also stated, that the defendant, in April, 1825, and during the term of *Prince George's* County Court, inquired of the witness the number of the case on the docket, and asked the witness, if he believed the court would continue its session until the case should be reached, and then said that if a judgment should be entered, he hoped the witness would give him a stay of execution. At this time the defendant did not say that he had any defence against the claim. The witness further stated that his impression is, that the defendant, at the time he asked for a stay of execution, was willing to have confessed a judgment. The plaintiff then prayed the court to instruct the jury, that upon this evidence, if believed by the jury, the plaintiff is entitled to recover the amount of said note. But the court refused to give such instruction; and were of opinion, and so directed the jury, that so long as the endorsement aforesaid remained on the note, a suit could not be brought on the said note in the name of *Washington Bowie.* The plaintiff then prayed the court to instruct the jury, that if the note was endorsed and delivered to *John H. Ladd & Co.* by *Washington Bowie,* that it was competent for *John H. Ladd & Co.* the endorsees, to have this suit brought in the name of *Washington Bowie,* for their use, and to authorize the striking

VOL. I.—23.

out the endorsement to them for that purpose. And that in this case, if the suit was so brought by *John H. Ladd & Co.* then the endorsement being struck out after the suit was brought, the plaintiff is entitled to recover. Which instruction the court refused to give. The plaintiff then prayed the court to instruct the jury, that if the jury believe from the evidence, that after the suit was brought, the defendant acknowledged the justice of the claim, and promised to pay it, or confess judgment, then such acknowledgment is evidence under the money counts; and also of the plaintiff's right to recover as the holder of the note. Which instruction was also refused by the court. The plaintiff then prayed the court to instruct the jury, that if they believe from the evidence, that after this suit was brought, the defendant acknowledged the justice of the debt for which he was sued, and promised to pay or confess judgment, then such acknowledgment is evidence under the money counts. Which instruction the court also refused to give. The plaintiff excepted to all the refusals and opinions of the court. Verdict and judgment for the defendant; and the plaintiff appealed to this court.

The cause was argued at June term, 1828, before BUCHANAN, Ch. J. and EARLE, ARCHER and DORSEY, J.

*F. S. Key* and *J. Forrest* for the appellant. On the *first* bill of exceptions, they cited 2 *Phill. Evid.* 29, (*note a.*) 11, (*note c.*) *Dugan vs. United States,* 3 *Wheat.* 173. *Chitty on Bills,* 150 (*note b.*) *Biddle vs. Gray,* et ux. 2 *Harr. & Johns.* 328.

On the *second* bill of exceptions, they cited *Rowe vs. Young,* 6 *Serg. & Lowb.* 53. *Rhodes vs. Gent.* 7 *Serg. & Lowb.* 84. *Bank of the United States vs. Smith,* 11 *Wheat.* 172. *Wolcott vs. Santvoord,* 17 *Johns. Rep.* 248. 1 *Chitty's Plead.* 263, 264. 3 *Chitty's Plead.* 4, (*note a.*)

*J. Johnson* and *Stonestreet* for the appellee. On the *first* bill of exceptions, they cited *Dugan vs. United States,* 3 *Wheat.* 172. *Chitty on Bills,* 150, (*note b.*) *Clark vs. Pigot,* 1 *Salk.* 126. *Theed vs. Lovell,* 2 *Stra.* 1103. *Kiersted vs. Rogers & Garland,* 6 *Harr. & Johns,* 282.

On the *second* bill of exceptions, they cited *Wolcott vs. Sant-voord*, 17 *Johns. Rep.* 254. *Bowes vs. Howe*, 1 *Serg. & Lowb.* 8. *Trecothick vs. Edwin*, 2 *Serg. & Lowb.* 470. *Gammon vs. Schmoll*, 1 *Serg. & Lowb.* 128. *Rowe vs. Young*, 6 *Serg. & Lowb.* 105. *Rhodes vs. Gent.* 7 *Serg. & Lowb.* 84.

ARCHER, J. delivered the opinion of the court.

The statute 3d & 4th *Anne*, ch. 9, declares that promissory notes shall be assignable or endorseable over in the same manner as inland bills of exchange are, or may be, according to the custom of merchants; and power is by the same statute given to endorsees to maintain actions against the drawers, or prior endorsers of such notes, in the same manner as in cases of inland bills of exchange.

By this statute bills of exchange and promissory notes are placed on the same footing, and the law applicable to bills is in general applicable to promissory notes.—*Chit. on Bills*, 335.

When a bill of exchange is endorsed in full, all the legal interest is transferred to the endorsee, and having the legal interest he alone is qualified to maintain a suit. He cannot use the name of the payee, because the payee having transferred his interest, can have no competency to maintain an action.

It is true, that if a note duly endorsed in full, should in the regular course of commercial dealing, come back to the hands of a prior endorser, or of the payee, it would be competent for such person as the holder to strike out the endorsement, and sue in his own name. These positions are fully maintained by the Supreme Court of the United States, in the case of *Dugan vs. The United States*, 3 *Wheat.* 183, where it is said "that if any person who endorses a bill of exchange to another, whether for value or for purposes of collection, shall come to the possession thereof again, he shall be regarded as the *bona fide* holder and proprietor of such bill, and shall be entitled to recover notwithstanding there may be on it, one or more endorsements in full, subsequent to the one to him, without producing any receipt or endorsement back from either of such endorsees, whose names he may strike from the bill, or not, as he pleases."

The correctness then of the opinion of the court below, as expressed in the first bill of exceptions, must depend upon the fact, whether there was any evidence from which the jury could infer, that *W. Bowie* the payee and legal plaintiff in this case, was at the time of the institution of this suit, the holder of the note upon which this action was brought. The suit is in the name of the payee, and is marked to the use of *Ladd & Co.*, to whom the endorsement had been made in full, before the commencement of the suit. Either *Bowie* or *Ladd & Co.* filed the note and directed the use. If *Bowie* filed the note with its special endorsement, and directed the use, it was evidence not to be disregarded, that *Bowie* meant the assignment should be perfected. He had in fact by so doing delivered it to *Ladd & Co.*; and *Ladd & Co.* must be considered in the absence of evidence to the contrary, as assenting to the transfer, it being for their benefit. Nor could *Bowie,* after the endorsement and the direction to enter it for the use of *Ladd & Co.*, although the legal plaintiff, strike out the use, or interfere with the endorsement without the consent of *Ladd & Co.* It is therefore manifest even in this view of the case, that *Bowie* would have parted with his right, was no longer a holder of the note, and could not maintain a suit. If on the contrary, *Ladd & Co.* filed the note with the assignment, then the transfer was clearly complete, and the suit should have been brought in their names, as they were legally entitled to the note, and were the holders thereof. There being then no evidence from which the jury could infer that the payee and plaintiff was the holder of the note, he was not entitled to recover upon the evidence stated in the first bill of exceptions.

The views which have been submitted of the law arising out of the first bill of exceptions, disposes of the two first prayers in the third exception.

We also concur with the court below in the opinions expressed by them on the third and fourth prayers in the third exception. If the right was in *Ladd & Co.* there could be no recovery by the plaintiff on the money counts; the promise to pay must be considered as enuring to the benefit of him who had

a right to the note, and if the right to the note was in *Ladd & Co.*, any promise to *Bowie* was without consideration and void. Nor could the promise to pay or confess judgment, if the jury had believed in the existence of the promise, have enabled *Bowie* to have recovered as holder, because the right by the endorsement was transferred to *Ladd & Co.* who are to be considered as the holders, in the absence of testimony, showing that the note had got back to the hands of *Bowie.*

In the second bill of exceptions, the court decide that no recovery could be had by the plaintiff, because he had not averred in his declaration, that the amount of the said note was demanded by him at the house of *Washington Bowie*, and because no proof was given to the jury of a demand. The general doctrine that where a note is payable on demand, at a particular place, the averment of a demand and proof of notice is necessary, seems to be well established law in England, as will be seen by consulting the opinions of the twelve judges, delivered in the case of *Rowe and Young*, 2 *Broderip & Bingham*, even in the case of a suit against the maker of a note. So too it was settled by that decision, that if an acceptance was made payable at a particular place, the averment of a demand and proof thereof was considered indispensable to a recovery, because in each case the place of payment according to the idea of the judges, is made part and parcel of the contract. Such, however, were the inconveniences of the rule, that Parliament, by the statute of 2 *Geo. IV. ch.* 78, declared that an acceptance at a particular place, should have the effect of a general acceptance, unless the acceptance was made payable at a particular place, and *not elsewhere.* These English decisions, which have in part been abrogated by the Legislature, as departures from commercial usage and policy, and, where, not interfered with by them, have been considered by some of her most eminent jurists, as departures from the law, [vide *Mr. Justice Bayley's* and *Mr. Justice Abbot's* commentary on *Sanderson vs. Bowes*, 2 *Brod. & Bing.* 180,] have no authoritative force here, because the cases in which these doctrines have been settled, have been adjudicated since our revolution, and

are against all the analogies of the law, as was clearly demon-
strated by *Bayley Justice*, in his argument in *Rowe and Jefferys*,
and by *Ch. J. Spencer*, in *Wolcott vs. Van Santvoord*, 17 *Johns.
Rep.* 250.

The Supreme Court of the United States, in the case of the
*United States Bank vs. Smith*, 11 *Wheat.* 175, after adverting
to the *British* decisions on this question say, that a contrary
opinion has been entertained in the courts of this country, that
a demand on the maker of a note, or the acceptor of a bill,
payable at a specific place, need not be averred in the decla-
ration, or proved at the trial.   That it is not a condition prece-
dent to the right of recovery, and they intimate their opinion to
be in accordance with such determinations.   In *New York*, the
law has been considered as settled in the same way, from the
case of *Foden vs. Sharp*, 4 *Johns. Rep.* 184, decided in the
year 1809, where the court say  "the holder of a bill of ex-
change need not show a demand of payment of the acceptor,
any more than of the maker of a note;" and in 17 *Johns. Rep.* 248,
the court say, in commenting on this case, that such was the
doctrine of the *English* courts at that time, and they there de-
cide that a demand at the place where accepted, is not a con-
dition precedent to the right to recover, and that of course it
need not be averred in the declaration.

In deciding in this case, that no demand was necessary to be
made, we shall contradict no decided case in this country,
which has fallen under our observation.   The note it must be
recollected, is *payable at the house of the payee and plaintiff*,
and is not payable on demand there, but sixty days after date.
In 11 *Wheat.* 171, *United States Bank vs. Smith*, it is decided,
that if the bank at which a bill or note is payable, be the hold-
er of the bill or note, no demand will be necessary, but an ex-
amination into the state of the accounts of the maker in bank,
to see whether he has deposited funds, is all that is necessary
to be done, to enable the party to recover.   The same decision
has been made in 12 *Mass.* 404, with the exception that no ex-
amination of the books was required.   In *New York, Caldwell
vs. Cassedy*, 8 *Cowan*, 271, it was decided, that the place does

not enter into the essence of the contract, unless the promise is to pay *on demand at that place*, and that consequently where the note is made payable at a particular place merely, no demand is necessary to be averred. This decision meets the present case. But we would not wish to be understood as deciding this case, upon so subtle a distinction, but upon the broad ground, that when the suit is against the maker of a promissory note, no demand is necessary to be averred, upon the principle, that the money to be paid is a debt from the defendant, that it is due generally and universally, that it will continue due, though there be a neglect on the part of the creditor, to attend at the time and place, to receive or to demand, that it is matter of defence on the part of the defendant, to shew that he was in attendance to pay, but the plaintiff was not in readiness to receive, which defence generally, will be in bar of damages only, and not in bar of the debt.

It is stated in *Sanderson vs. Bowes* (14 *East. Rep.* 500) that the place of payment is inserted in promissory notes as a matter of convenience to the makers, for it would be very inconvenient if they should be compelled to answer them every where, when it is notorious that they have made provision to answer them at a particular place. If such be the practice in *England*, where the makers of notes have generally their bankers, with whom funds are set apart for the special payment of their notes, the construction which prevails there, upon this clause of such an instrument, may have grown out of the commercial usages of the country. But our usages here would seem to lead to a different construction, for it is a matter of notoriety, that parties to this commercial instrument generally collect them in our cities, through the medium of the banking institutions; and they are most frequently made payable there, or at a particular place, not for the convenience of the drawer, but for the benefit of the holder, that his collection may be facilitated. And this case furnishes an illustration of the fact, for it is perfectly obvious that the home of the payee was the place of payment, here to suit the convenience of the payee, not the maker.

We concur with the court below, in every direction given by them to the jury, but disagree with them in the opinion expressed in the second bill of exceptions.

**JUDGMENT AFFIRMED.**