THE COLUMBIAN BUILDING ASSOCIATION OF EAST BALTIMORE, No. 4, vs. ROSA P. CRUMP, and others.

*Tender—Interest—Costs.*

When the mortgage money really due is actually and properly tendered by a person having a right to make the tender, the mortgagee is bound to accept it; and if there be a refusal to receive the money so tendered, interest from the time of the tender will cease to run.

If the party refusing, subsequently agrees to accept, and demands payment of the money previously tendered, and the party who made the tender is not then ready to pay it, interest must run on as if no tender had been made, until the money is paid or brought into Court.

Though an appeal will not lie from the determination of a mere question of costs, yet if the order appealed from be reversed upon other grounds, the question of costs is necessarily opened to be disposed of by final order.

The general rule is that if a specific tender be made before the commencement of the suit, of the amount due, or after its commencement of the amount due and costs already incurred, proof of such tender and of its refusal, will throw on the party refusing, the burden of all subsequent costs; and even where no tender can in strictness be made, yet if a defendant has offered terms which would have rendered the suit unnecessary, the plaintiff though in strictness entitled to a decree, may be refused costs.

The particular circumstances of the case, however, must in a great degree determine the question as to the proper party to bear the costs.

APPEAL from the Circuit Court of Baltimore City.

The facts of the case are sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*George H. Williams,* for the appellant.

*F. S. Hoblitzell,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

This appeal is from the order of the 16th of April, 1874, in so far as it directed the *ex parte* decree, passed in the case of the appellants against John J. Butler, to be entered satisfied. That decree was for the sale of the mortgaged property, on default by the mortgagor, under Art. 4, sec. 782, and succeeding sections, of the Public Local Laws of the State. The decree bears date the 19th of January, 1874.

The appellees in this case are the assignees of the equity of redemption; and by their bill of complaint, filed on the 2nd of September, 1873, they sought redemption of the mortgaged property, from the operation of the mortgage, by alleging tender of the amount due thereon, by their authorized agent, and refusal by the appellants. In this bill, while it is alleged that the sum of $748.50, was duly tendered to the appellants on the 19th of August, 1873, in legal tender currency, as the amount then due on the mortgage, there is failure to allege that the money was still ready to be paid, with proffer to bring the same into Court. The amount, however, was brought into Court, under order of the 19th of February, 1874.

The amount originally tendered having been brought into Court, the parties, by agreement of the 9th of April, 1874, agreed that the two pending proceedings should be consolidated, and that the question as to the claim for interest and costs should be submitted to the Court for adjudication, on certain evidence referred to in the agreement, being certain affidavits and letters, in reference to the alleged tender, and the subsequent demand of the money by the appellants, and the appellees' inability then

to pay. It was on this submission that the order appealed from was passed.

It appears from the evidence referred to, that, on the 20th of December, 1873, the appellants waived all objection to receiving the amount previously tendered by the appellees, as the amount due on the mortgage, and so informed the agent and attorney of the latter, and requested payment of the money. The appellees were not then ready to pay, but requested a short time within which to raise the money; to which the appellants replied that they would receive the money on account, but would no longer consider themselves bound by the previous tender.

Now the principle is perfectly plain, that when the mortgage money really due is actually and properly tendered by a person having a right to make the tender, the mortgagee is bound to accept it; and if there be a refusal to receive the money due on the mortgage upon the terms the debtor has a right to enforce, interest from the time of the tender will cease to run. But then the mortgagor, or party making the tender, must keep the money continually ready and make no profit of it.

In the case of *Gyles vs. Hall*, 2 *P. Wms.*, 378, a bill was filed to compel a re-assignment of a mortgage, and to stop the payment of interest from the 25th of September, 1722, there having been then a tender made of the mortgage debt and all interest due to that date. But the Lord CHANCELLOR said that "it ought to appear, that the mortgagor from that time, *always kept the money ready;* whereas the contrary thereof being proved, that the mortgagor was not ready to pay it, therefore the interest must run on." And so, in 2 *Powell on Mortgages, page* 1010, it is laid down as the settled law, that the party making the tender ought to show, "that the money was always ready, and that no profit was made of it; which may be controverted by the mortgagee, who may prove the contrary; namely, that he demanded it and the mortgagor was not ready to pay it;

in which case the interest must run on." In this case, as the money was demanded after the tender, and the appellees were not then ready to pay it, according to their previous tender, interest must run on as if no tender had been made, up to the time of the bringing the money into Court, under its order; and in directing the *ex parte* decree for sale of the mortgaged property to be entered satisfied, because of the payment into Court of the original amount tendered, without interest, we think the Court below erred. The appellants were entitled to interest on the amount due on the mortgage up to the time of bringing the money into Court.

As to the question of costs embraced in the submission, if that was the only question involved, no appeal would be entertained from its determination by the Court below. But having determined that the order appealed from was erroneously passed in respect to the interest, the question of costs is necessarily opened to be disposed of by final order.

The general rule is, that if a specific tender of the amount due be made before the commencement of the suit, or after its commencement of the amount due and costs already incurred, proof of such tender, and of its refusal, will throw on the party refusing, the burden of all subsequent costs; and even where no tender can in strictness be made, yet if a defendant has offered terms which would have rendered the suit unnecessary, the plaintiff, though in strictness entitled to a decree, may be refused costs. *Millington vs. Fox*, 3 *M. & Cr.*, 352; *Adam's Eq.*, 393. The particular circumstances of the case, however, must in a great degree, determine the question as to the proper party to bear the costs. *Cliff vs. Wadsworth*, 2 *Y. & Coll. C. C.*, 604.

Here, inasmuch as the proceedings to obtain the decree for the sale of the mortgaged premises were taken after the tender and refusal of the money due on the mortgage,

we think the appellants should bear the entire costs of those proceedings; but as to the costs of the proceedings instituted by the appellees for redemption, inasmuch as the bill failed to allege the continued readiness to pay the amount tendered, with proffer to bring the money into Court, and as the bill was dismissed, we think the appellees should pay the costs of those proceedings; and as the order appealed from must be reversed, the appellees will be required to pay the costs of the appeal.

*Decree reversed, and*
*cause remanded.*