Containing Cases of the January and April Terms, 1923.

## MORRIS O. FORWOOD ET AL.

### vs.

## MARTIN MAGNESS.

*Note Payable at Bank—Tender of Payment—Confession of
Judgment—Warrant of Attorney.*

Since Code, art. 13, sec. 89 (Negotiable Instruments Act)
provides that if the instrument is, by its terms, payable at a
special place, the ability and willingness, of the person pri-
marily liable, to pay it there are equivalent to a tender of pay-
ment on his part, the maker of a note, payable at a bank, need
not show that he had the amount of the note on deposit to his
credit, in order to establish the tender, it being sufficient that
he had made arrangements with the bank insuring the payment
of the note when presented.                                    p. 6.

The effect of a tender is to arrest the running of interest and
to relieve the debtor of liability for costs, but in order to have
that effect the tender must, in certain cases, be kept good, and
where the debtor is subsequently sued and the tender is relied
on as a defense, it must be specially pleaded, and the plea must
be accompanied by a profert *in curia,* or payment of the amount
tendered into court.                                           p. 6

Although a warrant of attorney to confess judgment, con-
tained in a note, did not specify when the judgment by confes-
sion should be entered, it should not have been entered, after a
tender, at maturity of the note, of the amount due thereon, for
an amount including interest from the date of the tender and
the attorney's commission for collection, or for costs.       p. 7

Where a warrant of attorney to confess judgment, contained in a note, was expressly limited to "the above sum" (the principal of the note), costs of suit, and an attorney's commission of five per cent., and the only reference in the note to interest was the phrase "with int.," written at the bottom of the note, there was no authority to enter a judgment by confession which included interest.      p. 7

Where the evidence establishes a tender of the amount due on a note, principal and interest, at maturity, but also shows that that amount is still due, the maker may properly be required to pay into court, for the use of the payee, the amount of the principal, and interest thereon to maturity, which is admitted to be due, as a condition of the striking out of a judgment by confession erroneously entered under a warrant of attorney in the note.      p. 8

*Decided March 15th, 1923.*

Appeal from the Circuit Court for Harford County (HARLAN, J.).

Action by Martin Magness against Morris O. Forwood and Cassie D. Forwood. From an order refusing to strike out a judgment by confession entered under a warrant of attorney, defendants appeal. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Jacob A. Doxen* and *Harry S. Carver,* for the appellants.

*Edwin H. W. Harlan,* for the appelees.

THOMAS, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Harford County overruling a motion to strike out a judgment by confession.

On the 1st of March, 1921, the appellants executed to the appellee the following promissory note:

"No. ....                                    Due....
"$475.00.                    Delta, Pa., Mch. 1st, 1921.
    "Twelve (12) months after date I, we or either of us promise to pay to the order of Martin Magness Four Hundred & Seventy-five Dollars at The People's National Bank of Delta, Pa., without defalcation, value received, and we jointly and severally hereby authorize any attorney of record in this state, or elsewhere, to enter and confess judgment against us, jointly and severally, for the above sum, with costs of suit and attorney's commission of five per cent. for collection, release of errors, and without stay of execution; and we jointly and severally do waive the right and benefit of any law of this or any other state exempting property, real or personal, from sale; and if levy is made on land, we jointly and severally do waive the right of inquisition, and consent to the condemnation thereof, and full liberty to sell on *fi. fa.* with release of errors thereon.

    "P. O.—Street, Md.        With int.
                "Morris O. Forwood.    (Seal)
                "Cassie D. Forwood."

The record consists of the docket entries in the case, a copy of the note, the motion to strike out the judgment, the evidence produced at the hearing of the motion and the order for an appeal. The docket entries in reference to the entry of the judgment are as follows:

    "March 21, 1922.—Mem., Narr., Note and Authority and Agreement filed.
    "March 21, 1922.—Judgment confessed in favor of the plaintiff for the sum of $530.18 and $12.50 costs of suit, with interest from March 21, 1922, with waiver of all homestead, stay and exemption laws of every kind."

It further appears from the docket entries that the motion to strike out the judgment was filed on April 6th, 1922; that on May 19th the motion was heard and overruled and an appeal entered, that a *"Fi. fa."* was issued on the 24th of May, and that on the 29th of June, 1922, an appeal bond was approved and filed.

The evidence shows that some time in February, 1922, the appellants received a notice from the appellee calling their attention to the fact that the note would become due on March 1st; that the notice did not state where the note was payable, and that the appellants could not at the time recall whether it had been made payable at the Farmers & Merchants National Bank of Belair or the People's National Bank of Delta, Pennsylvania, and that prior to March 1st they deposited the amount of the note, principal and interest to date of maturity, in the Belair bank and directed that bank to pay the note if presented there for payment, and that they also explained the situation to the Delta bank, and through its teller arranged with that bank to pay the note and interest to the maturity of the note in case it was presented at that bank for payment; that shortly after the note became due, Mr. Forwood, one of the appellants, discovered by reference to some of his accounts that the note had been made payable at the Delta bank, and that he thereupon promptly drew the amount deposited in the Belair bank and deposited it, on March 6, 1922, in the Delta bank, with instructions to that bank to apply it to the payment of the note and interest when presented there for payment; that the note has never been presented for payment at the Delta bank, and that the amount of same, principal and interest to March 1st, 1922, was still on deposit there for the purpose stated; that two or three days prior to March 16th, 1922, Mr. Forwood received another letter from the appellee in regard to the note, to which he replied by letter, dated the 16th of March, calling his attention to the fact that the note was payable at the Delta bank, and telling him that he had complied with its terms "long

ago," and that if he would do the same he would have "no more trouble."

Instead of presenting the note for payment at the Delta bank when it became due, or after he received Mr. Forwood's letter of the 16th of March telling him, in substance, that he had provided for its payment at that bank, the appellee, a day or so later, on the 21st of March, had the judgment by confession entered, not only for the principal of the note and the interest thereon to the date of maturity, but apparently for the principal and interest to the date of the judgment, and a collection fee of five per cent. of *that amount* and $12.50 costs of suit, thereby subjecting the appellants to an additional burden of nearly forty dollars.

As early as the case of *Bowie* v. *Duvall*, 1 G. & J. 175, where the note was payable at a particular place, and the right to recover thereon was resisted on the ground that there was no averment and no proof of a demand for the amount of the note at the place named, the court, in holding that it was not necessary to aver or prove such a demand, said that it decided the case "upon the broad ground, that when the suit is against the maker of a promissory note, no demand is necessary to be averred, upon the principle, that the money to be paid is a debt from the defendant, that it is due generally and universally, that it will continue due, though there be a neglect on the part of the creditor, to attend at the time and place, to receive or to demand, that it is a matter of defense on the part of the defendant, to show that he was in attendance to pay, but the plaintiff was not in readiness to receive, which defense generally, will be in bar of damages only, and not in bar of the debt." That case was in accord with the generally accepted rule in this country prior to the enactment of the Negotiable Instruments Act ( 3 *R. C. L.,* sec. 392, pp. 1174-1195; 3 *C. J.,* sec. 741, pp. 527, 530), which provides that "presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable

at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part." Code, art. 13, sec. 89.

The effect of a tender is to arrest the running of interest and to relieve the debtor of liability for costs, but in order to have that effect the tender must, in certain cases, be kept good, and where the debtor is subsequently sued and the tender is relied upon as a defense, it must be specially pleaded, and the plea must be accompanied by a profert *in curia,* or payment of the amount tendered into court. 26 *R. C. L.,* secs. 27, 34, 43 and 44, pp. 646, 652, 658, 659; *Adams* v. *Hackensack Improvement Commission,* 44 N. J. L. 638; *Lewey* v. *H. C. Frick Coke Co.,* 166 Pa. 536, 28 L. R. A. 283; *Columbian Bldg. Assn.* v. *Crump,* 42 Md. 192; *Mc-Cullough* v. *Hellweg,* 66 Md. 269; *Middle States Co.* v. *Mattress Co.,* 82 Md. 515; 1 *Poe's Pl. & Pt.* (3rd ed.) sec. 611; *Karthaus* v. *Owings,* 6 H. & J. 134; *Soper* v. *Jones,* 56 Md. 503; *Bonaparte* v. *Thayer,* 95 Md. 548; *Norfolk & W. R. R. Co.* v. *Langdon,* 118 Md. 268.

We do not understand the appellee as questioning the effect of a tender to the payee of the principal and interest due on the note, but he insists that, in order to establish the tender in this case, it was incumbent upon the appellants to show that they had that amount on deposit to their credit in the Delta bank on the 1st of March, 1922. The answer to this contention is that the statute does not so provide, but declares that the maker's "ability and willingness" to pay the note when due at the place named is equivalent to a tender. That the appellants were able and willing to pay the note at the Delta bank on the date of its maturity; that it would have been paid on that date had it been presented there for payment, and that the amount of the principal and interest to the date of maturity was at the time of the hearing of the motion still in said bank for that purpose, are undisputed facts in this case, and, as we have said, there is also evidence tending to show that the appellee knew, before the judgment

was entered, that provision had been made for the payment of the note at the Delta bank.

While the warrant of attorney contained in the note does not specify when the judgment by confession should be entered, after a tender at the maturity of the note of the amount due thereon, a judgment should not have been entered against the appellants for an amount including interest from the date of the tender and the attorney's commission for collection, or for costs.

There is another reason why the judgment in this case should not have been permitted to stand. The warrant of attorney to confess judgment contained in the note is expressly limited to "the above sum," costs of suit and an attorney's commission of five per cent. The only "sum" mentioned "above" is $475, the principal of the note. There is no authority in the warrant of attorney to include the interest in the judgment, and the only reference to interest in the note is contained in the words "with int." written at the bottom of the note after the postoffice address, presumably of the makers. This may be attributable to the fact that the parties made use of a note of the form usually employed where the note is not intended to bear interest, and that the words "with int." were added so as to meet that defect. But however this may be, the authority of the attorney is measured by the terms of the warrant, and he is not authorized to confess judgment for a greater amount than the sum specified. It is said in 15 *R. C. L.,* p. 652, sec. 97: "Where a judgment is entered on a warrant of attorney, the only basis for the acts of the attorney entering an appearance and confessing a judgment against the party who signed the warrant is found in the warrant itself," and on page 657, sec. 104, of the same volume it is said: "Not only must the statutory authority to confess judgment be strictly followed but it is also necessary that all proceedings in the confession of judgment must be within the strict letter of the warrant of attorney. These instruments are strictly construed, and an attorney acting under a

warrant cannot change its terms or enlarge its scope." The same rule is stated in 23 *Cyc.*, p. 705.

It follows from what has been said that the order of the court below must be reversed. But as the evidence in the case establishes a tender by the appellants to the appellee on the date of the maturity of the note of the amount, principal and interest, due thereon, and as the evidence also shows that that amount is still due, we think the appellants should be required to pay into the court below, for the use of the appellee, the amount of the principal of said note, and interest thereon to the first day of March, 1922, which is admitted to be due, as a condition upon which the judgment shall be stricken out. *Heaps* v. *Hoopes,* 68 Md. 383; *Coulbourn* v. *Fleming,* 78 Md. 210; *Tyrrell* v. *Hilton,* 92 Md. 176.

The order of the court below will therefore be reversed, and case remanded, with directions to strike out said judgment upon payment by the appellants into said court, after reasonable notice to them, for the use of the appellee, of the amount of the principal of said note and the interest thereon to the first day of March, 1922.

*Order reversed, with costs to the appellants, and case remanded.*