**DIAMOND HOUSING CORPORATION,**
a corporation, Appellant,

v.

**Harriet M. MUNSON, Appellee.**

**No. 4129.**

District of Columbia Court of Appeals.

Argued April 22, 1968.

Decided July 24, 1968.

Herman Miller, Washington, D.C., for appellant.

Stylianos J. Gratsias, Washington, D.C., for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

MYERS, Associate Judge.

Appellee rented a house from appellant corporation and agreed to pay $135.00 rent each month. The rental agreement provided:

That in the event the landlord shall file a complaint or summons for the default of a tenant in the payment of rent, said tenant agrees to pay a reasonable attorney's fee, plus full court costs, interest and notary fees and a $2.00 late payment fee * * *.

In September 1965, appellant filed suit for possession, claiming that appellee owed $135.00, the September rent, "plus $6.50 per rent agreement." The $6.50 was computed according to the quoted section of the lease.

Before the trial date, appellee paid appellant the $135.00 and appellant's agent assured both appellee and her son that payment of the $135.00 fully discharged appellee's current obligation to appellant, that appellant waived any claim to the $6.50, and that appellee need not appear in court on the scheduled trial date. Relying on these representations, appellee did not appear on the date of trial. Appellant, however, appeared and obtained a default judgment for possession of the house based solely on nonpayment of the $6.50.[1]

No effort was made to evict appellee and she continued to occupy the house and to pay the monthly rent. On two occasions when appellee was late in paying her rent, writs of possession, based on the September 1965 judgment, were issued against her. They did not, however, show on their face that they were issued because of the default judgment, and when appellee paid the rent due, they were not enforced. No attempt was ever made to collect the $6.50 and payment of that amount was never made a prerequisite to appellee's continued occupancy of the premises.

In April 1966, appellee again failed to pay her rent on time and a writ of possession was issued on the basis of the September 1965 default judgment. This time appellee was evicted. She then filed a motion to set aside the default.

Following a hearing, the trial judge concluded from these facts that appellant had obtained the default judgment by fraud and misrepresentation and that the landlord's conduct after obtaining the default judgment was designed to perpetuate the fraud by concealing from appellee the fact that she owed appellant more than $135.00 each month.

■ Ordinarily an order vacating a default judgment is not final and it is therefore not appealable. Meadis v. Atlantic Constr. & Supply Co., D.C.App., 212 A. 2d 613, 615 (1965); Harco, Inc. v. Greenville Steel & Foundry Co., D.C.Mun.App.,

---

1. In his opinion subsequently setting aside the default, the trial judge noted that had appellee appeared in court to contest her liability for the $6.50 she might well have been successful as it was questionable whether, despite the clause in the agreement, appellee did in fact owe this amount. She might have paid the small sum in order to remain in possession. It appears the only reason appellee did not pay the money was that she was not aware she owed it.

112 A.2d 920 (1955); Hankerson v. Tillman, D.C.Mun.App., 88 A.2d 191 (1952). However, where a court vacates a judgment after the time within which it has power to do so has elapsed, the vacating order is appealable. Smith v. Reese, D.C.App., 221 A.2d 439, 440 (1966).

Appellant contends that appellee's motion to vacate should be controlled by the time limitation applicable to GS Rule 60(b) (3) which authorizes the court to vacate a judgment procured by fraud provided the motion is made within three months after entry of the judgment. Under Rule 60(b) (6), however, the trial court may vacate a judgment for any other reason which justifies relief provided the motion to vacate is made "within a reasonable time." Appellant argues that since the reasonable time provisions of Rule 60(b) may not be used to enlarge or to nullify the three-month limitation applicable to Rule 60(b) (3), Brenner v. Williams, D.C.App., 190 A.2d 263 (1963), the trial judge granted the motion to set aside the default at a time when he no longer had the power to do so.

We hold that the trial judge did not exceed his authority in granting appellee's motion. The trial judge did not find merely that appellant had obtained the default judgment by fraud. He also found that appellant had concealed the existence of the default judgment for six months. It was this concealment that deprived appellee of any remedy under Rule 60(b) (3); but such conduct by appellant was cognizable under Rule 60(b) (6), and the trial judge was not prevented by the three-month limitation of Rule 60(b) (3) from granting relief.

It has been our stated policy to encourage a trial on the merits of each case. To that end, the granting of a motion to set aside a default judgment will not be disturbed unless there has been a clear abuse of discretion by the trial judge. Hollywood Credit Clothing Co. v. Veney, D.C.Mun.App., 161 A.2d 464, 465 (1960). We find no such abuse in the case at bar.

The period of one month between appellee's eviction and the filing of her motion to set aside the default pursuant to Rule 60 (b) (6) was not an unreasonable period of time within the meaning of the rule.

Appeal dismissed.