Charles PAYNE, Appellant,

v.

Howard & Maxine BERNSTEIN, Appellees.

No. 82–1227.

District of Columbia Court of Appeals.

Submitted April 6, 1983.

Decided June 2, 1983.

As Amended June 23, 1983.

John K. Lunsford, Washington, D.C., for appellant.

---

Richard J. Haas, Washington, D.C., for appellees.

Before NEWMAN, Chief Judge, and NEBEKER and TERRY, Associate Judges.

PER CURIAM:

Appellant (hereinafter Tenant) failed to make timely payment of his rent for April 1982. On April 10, 1982, the landlord-appellee filed a suit for possession demanding rent, late fees and court costs. On April 20, 1982, tenant tendered to his landlord full payment of the rent and late charges, but did not tender $11.00 in court costs.

On April 27, 1982, the landlord was granted a default judgment for possession because the tenant had failed to appear. This default judgment was set aside after motion of the tenant when the tenant explained that his failure to appear was based upon his understanding that he did not have to appear since he had paid his rent. The landlord subsequently requested that the default judgment be reinstated since the tenant had not paid the court costs in addition to the rent. On August 20, 1982, Judge King ruled in favor of the landlord. Judge King ordered that the tenant pay the court costs and stated that the proceeding would be permanently stayed upon the tenant's payment of the court costs. The tenant appeals.

■ The awarding of court costs is "within the sound discretion of the trial court." *Baltimore County v. Xerox Corp.,* 41 Md.App. 465, 477, 397 A.2d 278, 285, *aff'd,* 286 Md. 220, 406 A.2d 917 (1979). They are generally awarded as a part of the judgment to compensate the prevailing party for expenses in pursuing his claim.

■ Where a claim has been extinguished by an out-of-court tender and acceptance of the *ad damnum*—in this case the delinquent rent plus a late charge—or other settlement, court costs may not be awarded. The dispute being resolved, the case is moot. Thus, there is no basis on which a court may award costs. As noted nearly a century ago,

The costs must follow the finding, as in ordinary cases. The case is not within the statutes in regard to tender, for the rights of the parties depend, not on a tender, but on the acceptance of a payment which discharged the cause of action. In such a case, the plaintiff cannot recover costs, even though payment is made after suit [is] brought.

*Davis v. Harrington,* 160 Mass. 278, 280, 35 N.E. 771, 772 (Mass.1894). *See Forwood v. Magness,* 143 Md. 1, 4–7, 121 A. 855, 856 (Md.1923); *Two Rivers Manufacturing Co. v. Beyer,* 74 Wis. 210, 216–219, 42 N.W. 232, 234 (Wis.1889). This doctrine was recently reiterated in a well reasoned opinion by then Chief Judge Harold Greene in *Diamond Housing Corporation v. Harriet M. Munson,* Civ. No. 69651–65 (D.C.Ct. of Gen. Sess. July 18, 1966), *aff'd on other grounds,* 244 A.2d 485 (D.C.1968).

Appellees' reliance on *Trans-Lux Radio City Corp. v. Service Parking Corp.,* 54 A.2d 144 (D.C.1947), is misplaced. While *Trans-Lux* stands for the proposition that judgment of possession due to nonpayment of rent will be stayed only if the rent, interest and court costs are paid, that case involved a post-judgment matter where court costs had been awarded incident to a properly entered judgment. Consequently, *Trans-Lux* is not applicable to this pre-judgment situation where court costs are at issue.

We remand this case to the trial court where the judgment for possession against appellant shall be vacated.

*So ordered.*