481 A.2d 1156

The **CHESAPEAKE BAY DISTRIBUTING COMPANY**

v.

**BUCK DISTRIBUTING COMPANY, INC.**

No. 1707, Sept. Term, 1983.

Court of Special Appeals of Maryland.

Oct. 5, 1984.

Robert J. Thieblot, Baltimore, with whom were Allen, Thieblot & Alexander and Russell C. Milburn, Baltimore, on brief, for appellant.

R. Calvert Steuart, Landover, with whom were Cleo P. Braver and Greenan, Walker, Steuart & Meng, Landover, on brief, for appellee.

Argued before LISS, WILNER and BELL, JJ.

BELL, Judge.

The sole issue on appeal is whether statements made by counsel for appellant to counsel for appellee constituted a pre-tender rejection of appellee's offer to pay a judgment so as to render actual production of the amount an unnecessary formality.

Chesapeake Bay Distributing Company (appellant) was awarded a judgment against Buck Distributing Company (appellee) in the amount of $71,496.50 on June 14, 1982. On July 13, 1982, counsel for Buck telephoned counsel for Chesapeake and expressed his client's "readiness, willingness and ability to pay" the amount owed. Counsel for Buck testified that he told Chesapeake's counsel that he had a check for the amount of the judgment and requested instructions as to how the check should be made out and where it should be sent. Counsel for Chesapeake testified that he had replied that his client "planned to take an appeal of the matter" because he believed the amount of the judgment was insufficient in that the court allowed loss of profits only for the three years prior to suit. He denied having specifically told appellee's counsel not to send the check and stated that he had no right to refuse or to accept the money as he was only trial counsel. Nevertheless no payment was made to Chesapeake's counsel or into court.

Thirteen months later, after a decision adverse to Chesapeake on appeal, Buck's counsel offered to send a check to Chesapeake's counsel (who was a partner of original counsel) for the amount of the judgment plus one month's interest. Counsel for Chesapeake said Buck should pay interest accumulated to the date of actual payment. It was agreed that Buck would send a check for the original judgment plus 30 days interest and that this would be accepted without prejudice to Chesapeake's right to petition the court for the additional interest plus attorney's fees. The check was then sent.

There was a disagreement between counsel as to a formal letter setting forth the provisions of the oral non-waiver agreement. Before this disagreement was resolved, Chesapeake secured new counsel, who wrote to Buck's counsel about the non-receipt of the formal letter containing the non-waiver provisions and returned Buck's check.

Shortly thereafter, Chesapeake filed a writ of attachment at Maryland National Bank on Buck's account. Buck's counsel sent a letter to Chesapeake's new counsel explaining the prior agreement and enclosing a new check for the amount of judgment plus 30 days interest, but this check was again returned. Buck filed a motion to quash the attachment on grounds that a tender was made on three separate occasions or in the alternative to release the funds attached as unnecessary for satisfaction of the judgment.

The court allowed the attachment in the amount of the original judgment of $71,496.50 plus 30 days interest of $587.40 for a total of $72,083.90, but quashed any attachment over that amount. In so holding, the court found that the July 13 statement by counsel for Chesapeake indicating an intent to appeal amounted to a "constructive rejection" of Buck's proffered tender and therefore the strict requirement of producing the money was unnecessary.

Chesapeake appeals from this determination.

Appellant contends that the court erred in holding that the statements by Chesapeake's counsel constituted an implied pre-tender rejection thereby rendering actual tender of money unnecessary, and further asserts that appellee was obligated to pay interest on the full amount of the judgment until paid or actually tendered. Appellant argues, based on *Shannon v. Howard Mutual Bldg. Ass'n of Balt.*, 36 Md. 383 (1872) and *City of Balto. v. Hook*, 62 Md. 371, 379 (1884), that tenders must be strictly construed, and that refusals must be "by express declaration or other equivalent act," 36 Md. at 392, and that in this case, there was no such refusal.

Appellee concedes that there was no express declaration by counsel that he would "reject" any "tender". Appellee argues, however, that there was substantial evidence from which the trial court could find that an "actual" tender was useless or that appellant obstructed or prevented the formal tender. Thus its obligation to pay the additional interest was terminated by the July 13 telephone conversation.

■■■ A tender is defined as "an offer to perform a condition or obligation coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." 15 Williston, *A Treatise on the Law of Contracts* § 1808 (3d ed. 1972). A tender is excused where the obligee has manifested to the obligor that tender, if made, will not be accepted, or that a tender would be at most merely a futile gesture. 15 Williston, *Contracts* § 1819, *supra.* This basic proposition was recognized in Maryland as long ago as 1852. In *Buel v. Pumphrey,* 2 Md. 261, 268 (1852), the Court of Appeals stated in dicta that "where a party declares beforehand that if a tender is made to him he will not accept it, [this] dispenses with the necessity of a formal tender." Further, in *Shannon v. Howard Mutual Bldg. Ass'n of Balt.,* 36 Md. at 392, the Court citing *Buel,* stated that although considerable formality is required and the actual money must be produced to constitute a legal tender, actual production or a formal tender is not required if

"claimant dispense[s] with its production, by express declaration *or other equivalent act,* as if a party declare beforehand that if tender is made, it will not be accepted . . . ." (Emphasis added).

*See also, Johnson v. Wheeler,* 174 Md. 531, 199 A. 502 (1938). The effect of a tender is to arrest the running of interest and to relieve the debtor of liability for costs. *Forwood v. Magness,* 143 Md. 1, 121 A. 855 (1923). In this case, if there was a refusal of Buck's proffered tender,

Buck would not be liable for interest over and above the amount already paid.

■ The question before us, therefore, is whether the acts and declarations of Chesapeake's counsel amounted to a pre-tender rejection so as to excuse actual production of money and toll the accumulation of interest.

It is undisputed that there was no express declaration of refusal by Chesapeake's counsel. The court concluded

"In the instant case, although [Chesapeake's counsel] did not state expressly that he was rejecting the tender, this Court finds it reasonable that a constructive rejection did occur because of [his] statement that an appeal would be filed. One can infer that [Buck's counsel] would have gone forward with the tender. Therefore, the strict formality rule was inapplicable and a tender was made and rejected. The attachment was not, however, filed in bad faith."

The measure of inquiry on appeal is whether the evidence was sufficient to support those findings.

Counsel for both parties were experienced and competent and we must view their actions in that light.

It is uncontroverted that counsel for Chesapeake did not specifically refuse the check on July 13. The only plausible interpretation of this conversation is that counsel for Buck called to arrange to pay the judgment in order to close the case since the appeal time was about to run. Counsel for Chesapeake perceived this as the reason for the call and put opposing counsel on notice that his client intended to appeal. His intent was not to reject the tender, but to treat counsel fairly by notifying him of the status of the case. Whether Chesapeake would have refused the check on July 13 is purely speculative.[1] It is inconceivable that Chesapeake would have returned a check in full payment if assured that

---

1. Counsel for Chesapeake said he would not have returned the check. There was no other testimony on the subject.

the appeal would not be affected. It is equally clear that Buck did not intend to make an unconditional payment.

Based on the record before us, we hold the court was clearly erroneous in finding that counsel's statements and actions were "equivalent" to an actual rejection.

Thus the court did misapply the doctrine of pre-tender rejection and the court did err in quashing the attachment for a portion of the amount over $71,496.50 plus 30 days interest of $587.40.

Since the judge concluded that there was a pre-tender rejection of the payment, he did not consider whether the post-appeal events constituted a tender which was rejected, thereby stopping the running of interest. Since we will remand, we will state for the guidance of the trial court, that if it finds the delivery of the check post-trial was unconditional and otherwise meets the requirements of a tender, that such delivery did stop the running of interest and direct the entry of judgment to reflect the additional interest to that date.

JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEE.