HUFF v. KRAFT.

No. 709.

Municipal Court of Appeals for the District of Columbia.

Jan. 14, 1949.

---

[2] See: In re Jamestown Defense Rental Area, Em.App., 1948, 171 F.2d 708.

Harry W. Goldberg, of Washington, D. C., for appellant.

Isadore Brill, of Washington, D. C. (Solomon Grossberg and Irving B. Yochelson, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

On March 8, 1948, appellee sued appellant for $1,721.75, claimed as an overpayment by appellee on work done by appellant. On May 14 judgment by default for the full amount, less a credit of $200, was taken against appellant. On May 18 a writ of attachment was issued and served on a garnishee which answered on May 29 that it held sufficient credits of appellant to satisfy the judgment. On June 5 judgment of condemnation was entered against the garnishee. On July 6 appellant moved to stay the judgment of condemnation, to quash the attachment and to set aside the default judgment. The motion was denied and this appeal is from the order denying it.

It is urged here that it was an abuse of discretion to refuse to set aside the default judgment and the proceedings following it. In a recent case we held that allowance or refusal of a motion to set aside a default is within the sound discretion of the trial court and there we stated the general rules governing the exercise of such discretion. Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791.

In the instant case appellant by affidavit in support of the motion alleged that after being served with process he went to appellee's office and paid $200, "pending adjustment of alleged differences," and appellee instructed his attorney to defer the hearing of the case; that the following week appellant was told by appellee's attorney that the case would be reassigned and appellant would be notified of the day set; that he received no such notice and several weeks later was informed of the attachment by the garnishee. Opposing these allegations were the affidavits of appellee and his attorney to the effect that appellant came to appellee's office, paid $200, and promised to pay the balance if given time, and was told both by appellee and his attorney that the case would be continued two weeks and if no additional payment was made within that period judgment would be taken against him; that appellant made no additional payment and judgment was accordingly taken. Thus the trial court had before it conflicting affidavits and we cannot hold that the court was bound to accept appellant's affidavit. If the affidavit of appellee and his attorney were accepted, appellant acknowledged his indebtedness and knew that if he failed to make additional payment judgment would go against him, and despite this made no further payment and failed to communicate with either appellee or his attorney. This would not present a case of excusable neglect.

Furthermore, one seeking relief from a default must act with reasonable diligence, and appellant offered no explanation to the trial court why he waited a month after his credits had been seized under the attachment before moving to vacate the judgment.

And, finally, it is essential when moving to vacate a default judgment to present at least a prima facie defense to the action. Appellant in his affidavit stated he had "a good and valid defense" but this was a mere conclusion supported by no allegation of fact. By making payment of $200 appellant admitted some liability. In his motion for rehearing in the trial court he stated that it was not his contention that appellee's claim was "without foundation" but only that it was "highly excessive." More than this was necessary to make out a prima facie defense.

We find no support in the record for the claim of abuse of discretion by the trial court.

Affirmed.