## SCHOEN v. MARVINS CREDIT, Inc.

### No. 761.

Municipal Court of Appeals for the District of Columbia.

March 29, 1949.

Jack Politz, of Washington, D. C., for appellant.

Abraham Chaifetz, of Washington, D. C. (William S. Kerman, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was defendant below in an action for merchandise sold and delivered. She failed to appear on the return day and judgment by default was entered against her. Four days later she moved to vacate the judgment. The motion was denied and this appeal followed.

■ It is contended that the Court was in error in refusing to set aside the default. Whether a default shall stand or be set aside rests in the sound discretion of the trial court. Huff v. Kraft, D. C. Mun.App., 63 A.2d 667; Manos v. Fickenscher, D. C. Mun.App., 62 A.2d 791. Here, before denying the motion, the trial court heard oral testimony of appellant and appellee's credit manager to determine whether appellant had a meritorious defense. The testimony convinced the court that no such defense existed. The record discloses no abuse of discretion by the trial court. On the contrary, it shows the court refused to set aside the default only after careful and patient inquiry had revealed a meritorious claim to which there was no valid defense.

It is further argued that entry of the default judgment was erroneous because prior to the return day appellant had entered an appearance by means of a letter written to the court. This letter as it now appears in the record states "I do not owe the bill." This statement is inconsistent with the remaining portion of the letter, which in effect says the writer is willing to pay the bill in monthly installments. The trial court found that the letter as originally received by the court stated: "I do owe the bill" and that the word "not" had been inserted after judgment was taken. The letter is in the record and the word "not" gives the appearance of being written by a different hand and in different ink from the rest of the letter. At the request of the trial court the letter was examined by the Federal Bureau of Investigation. The Bureau reported that the word "not" and the over-written parts of certain preceding words were in a different

ink from that used in the remainder of the letter. The identity of the person who made the change in the letter was not ascertained but the court found on ample evidence that the change was made after judgment was entered. Therefore judgment was entered not only on appellant's default but also on her written admission of liability.

Affirmed.