Sidney HANTMAN and Charlie H. Walton, Trading as Hantman & Walton, Appellants,

v.

Leon B. ZEIGER, Appellee.

No. 2038.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 12, 1957.

Decided Oct. 30, 1957.

Thomas J. Pearson, Washington, D. C., for appellants.

Joseph Levin, Washington, D. C., with whom Charles E. Ford, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

■ This appeal is from an order vacating a default judgment. We are first met with appellee's (defendant's) contention that such an order is not appealable. In Harco, Inc. v. Greenville Steel & Foundry Co., D.C.Mun.App., 112 A.2d 920, we ruled that, while ordinarily an order vacating a default judgment is not final and therefore not appealable, if a court vacates a judgment after the time within which it has power to do so, the vacating order is appealable. This brings us to appellants' (plaintiffs') contention that in vacating the judgment the trial court exceeded its power.

In this case an action for labor and materials was filed on August 22, 1956, and personal service was made on September 10. Judgment by default was entered on October 9, and on February 27, 1957, a writ of attachment was issued and credits were seized. Until that time no action had been taken by defendant, but when notified of the attachment he promptly moved to vacate the default judgment. It will be observed that the motion to vacate was not filed until more than four months after judgment had been entered, and this brings up for consideration the trial court's rule 60(b), which is patterned after Federal Rule of Civil Procedure 60(b), 28 U.S.C.A. This rule permits the trial court to give relief from a final judgment on the ground of mistake, inadvertence, surprise, or ex-cusable neglect, or on the ground of fraud, misrepresentation, or other misconduct of an adverse party, if a motion for such relief is made not more than three months after the judgment was entered. We have held that this time limitation is jurisdictional,[1] and plaintiffs argue that the court obviously acted on one of the grounds above set forth and so acted beyond the time allowed by the rule. On the other hand, defendant says the relief was granted under reason (6) of Rule 60(b), which allows relief for "any other reason justifying relief from the operation of the judgment," provided the motion is made within "a reasonable time." We turn then to the reasons advanced by defendant for relief and the reason assigned by the trial court in granting relief.

■ The motion to vacate the default alleged that (1) the indebtedness sued upon had been paid, and (2) the default was due to the neglect of the attorney who had been engaged to actively defend the action.[2] Defendant relies heavily upon Barber v. Turberville, 94 U.S.App.D.C. 335, 218 F.2d 34, where it was ordered that a default judgment resulting from the neglect of an attorney be vacated, the court holding that under the circumstances there the record presented a case of "excusable neglect." That case is of no help here. Aside from its many distinguishing features, it was a case where the motion to vacate was filed within one month after default judgment, and a second motion was filed within one year (the time limitation under the Federal rule) of the judgment. Accordingly, there was no question in that case of the court's power to grant relief. Even were we to hold that the present case presents one of excusable neglect, we would have to hold that the three months' limitation of the trial court's rule prevented granting relief on such ground. Furthermore, the trial court did not find that this was a case of excusable

1. Mike's Mfg. Co. v. Zimzoris, D.C.Mun. App., 66 A.2d 414.

2. Appellee's brief contains many statements of fact not found in the record and therefore not considered by us.

neglect under Rule 60(b) (1).[*] As shown by the record the trial court vacated the judgment "on the ground that there was a question in the mind of the Trial Judge as to whether or not Plaintiff's claim upon which the suit was based had been paid, said Motion being granted under Rule 60 (b) (6)."

As before pointed out, Rule 60(b) (6), with only a "reasonable time" limitation, authorizes relief for "any other reason justifying relief from the operation of the judgment." We have ruled that 60(b) (6) cannot be used to nullify the definite time limitation applicable to 60(b) (1, 3),[3] and while the scope of 60(b) (6) cannot be defined with exactness, its scope does not include those reasons set forth in 60(b) (1, 3). To warrant relief under 60(b) (6) there must be some "other reason."

The reason given by the trial court for granting relief under 60(b) (6) was that there was a question of whether the claim sued upon had been paid. We view this as nothing more than a statement that defendant had made a showing of a prima facie meritorious defense. This alone however, did not constitute a basis for relief under Rule 60(b) (6). Except in the case of a void judgment,[4] it is always essential that one moving to vacate a default judgment present at least a prima facie defense to the action.[5]

Our conclusion is that because of the three months' time limitation the trial court was without jurisdiction to grant relief under Rule 60(b) (1, 3), and for the lack of a proper reason was without jurisdiction to grant relief under Rule 50(b) (6).

Order vacating judgment reversed.

3. Allen v. Trivett, D.C.Mun.App., 98 A.2d 787.

4. Wise v. Herzog, 72 App.D.C. 335, 114 F. 2d 486.

5. Huff v. Kraft, D.C.Mun.App., 63 A.2d 667. See also Municipal Court Rule 39, Section C (c).