**Burton L. EDWARDS, Appellant,**

v.

**STEWART MOTOR COMPANY, Inc., t/a Triangle Motors, Appellee.**

**No. 2739.**

Municipal Court of Appeals for the District of Columbia.

Argued April 17, 1961.

Decided June 12, 1961.

**258**

Leon Shampain, Washington, D. C., for appellant.

Nelson Deckelbaum, Washington, D. C., with whom Milford F. Schwartz, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

QUINN, Associate Judge.

This is an appeal from an order refusing to vacate a judgment by default on a counterclaim. The only question raised is whether the trial court abused its discretion in refusing to set aside the default.

These are the facts: On April 25, 1957, appellant filed a suit against appellee for breach of contract with regard to the purchase of a tractor. On May 17 appellee filed an answer admitting the sale but alleging a breach on the part of appellant, and as a result, sustained a loss which was set forth in its counterclaim. Rule 7 of the trial court requires a reply if the answer contains a counterclaim, and Rule 12 requires that the reply be served within five days after service of the answer. In this case no reply was filed to the counterclaim and on May 29 judgment by default was entered against appellant subject to ex parte proof. Ex parte proof was taken and on October 25, 1957, judgment was entered on the counterclaim. Almost three years later appellant filed a motion to vacate the judgment. No affidavit was filed in support of the motion and the answer was merely a general denial.[1] The motion was denied and appellant appeals.

The only possible rule that could be considered in this case would be Rule 60(b) (6) which allows relief for "any other reason justifying relief from the operation of the judgment" provided the motion is filed within "a reasonable time." The reason set forth in the unverified motion was to the effect that an attorney in Maryland had forwarded several cases to a local attorney and was under the impression that this case was among them, but later he ascertained that it had not been forwarded but had been misfiled. Here the trial judge was confronted with a situation where a case was filed in 1957 and apparently no effort was made to check its status for almost three years. We have had occasion to state several times that the allowance or refusal of a motion to set aside a default judgment is within the sound discretion of the trial court, and one seeking such relief must act with reasonable diligence.[2] We think the time period in this case shows a lack of diligence and the trial court was justified in holding that the motion did not fall within the purview of Rule 60(b)(6). A review of the record before us discloses no abuse of discretion.[3]

Affirmed.

1. Huff v. Kraft, D.C.Mun.App.1949, 63 A.2d 667.

2. Id.

3. See Waxler v. Levin, D.C.Mun.App.1957, 131 A.2d 294.