**Edward BRENNER, Appellant,**

v.

**A. E. WILLIAMS, Appellee.**

No. 3169.

District of Columbia Court of Appeals.

Argued March 11, 1963.

Decided April 19, 1963.

Marvin E. Schneck, Washington, D. C., with whom Joseph D. Gelb, Washington, D. C., was on the brief, for appellant.

Richard R. Atkinson, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from an order vacating a default judgment.

Appellant brought suit for damages allegedly caused by appellee's negligent performance of certain electrical work. The complaint was filed on December 19, 1961. Thereafter appellee moved that the non-resident appellant be required to post security for costs pursuant to Code 1961, § 11–1506, which motion was granted by the court on January 31, 1962.

Appellee, believing that the posting of such security was the "next step in the case," filed no answer. As a result, on February 6, 1962, judgment by default was entered against him by the clerk. No notice of the entry of the judgment was sent to appellee. In August 1962 appellee successfully moved to vacate the judgment under Rule 60(b) (6) of the trial court. This appeal followed.

Appellant contends that although appellee relied upon Rule 60(b) (6), the grounds stated in support of his motion were those included within Rule 60(b) (1), namely, mistake, inadvertence, surprise, or excusable neglect. Appellant asserts that since appellee did not move to vacate the judgment within the three months' time limitation of Rule 60(b) (1), the court was without jurisdiction to vacate the judgment after that time.

■ Review in this court, with exceptions inapplicable here, is limited to final orders or judgments.[1] Although an order refusing to vacate a default judgment is final and appealable, an order vacating a default judgment as a general rule is not final and therefore not appealable.[2] Where, however, a court vacates a judgment after the time within which it has power to do so, the proceeding is beyond the jurisdiction of the court and is subject to appellate review.[3] The question we must decide therefore is whether the court's action was taken within the time limit prescribed by the rules.

■ Under Rule 60(b) (6) the court may relieve a party from a judgment upon such terms as are just for "any * * * reason justifying relief from the operation of the judgment." Such motion must be made within a reasonable time but no time limit is prescribed; however, the provision cannot be used to nullify the time limitations applicable to other provisions of Rule 60(b).

■ We think appellee stated grounds for relief beyond the purview of Rule 60(b) (1) and within Rule 60(b) (6). Rule 77(d) of the trial court provides that the clerk shall serve notice of the entry of any order or judgment "signed or decided out of the presence of parties or their counsel, * * * upon every party affected thereby who is not in default for failure to appear * * *" Appellee was not in default for failure to appear; the judgment was decided out of the presence of appellee or his counsel, and no notice of the entry of judgment was sent to him or his attorney. As we said in Harco, Inc. v. Greenville Steel & Foundry Company, D.C.Mun.App., 112 A.2d 920, 922 (1955):

"* * * In view of the failure of the clerk to give appellee notice, the trial court was justified in considering the motion as coming within the purview of ground (6) of Rule 60(b), and in the exercise of sound judicial discretion granting relief thereunder. Cf. Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283."

1. Code 1961, § 11–772; Hankerson v. Tillman, D.C.Mun.App., 88 A.2d 191 (1952); Whitman v. Noel, D.C.Mun.App., 53 A.2d 280 (1947).

2. Weilbacher v. J. H. Winchester & Co., 197 F.2d 303 (2 Cir., 1952).

3. Hantman v. Zeiger, D.C.Mun.App., 135 A.2d 650 (1957).

Since we conclude that the court acted within its jurisdiction, the appeal must be dismissed. There is no need to discuss other reasons which permitted the court to vacate the judgment as the case will now proceed to trial on the merits.

Recently in Ramey v. Hewitt, D.C.App., 188 A.2d 350 (1963), we discussed the desirability of notifying a party who appeared in the action of the application for judgment by default. Such notice would effectively complement Rule 77(d) and would insure fairer treatment to parties who have entered an appearance in the litigation.

Appeal dismissed.