James W. SMITH and Service Fire Insurance Company of New York, Appellants,

v.

Carolyn F. REESE, Appellee.

No. 3885.

District of Columbia Court of Appeals.

Argued May 23, 1966.

Decided July 5, 1966.

---

**440**

———◆———

Charles B. Sullivan, Jr., Washington, D. C., for appellants.

Frederick H. Evans, Washington, D. C., with whom William S. Thompson and Verginald L. Dolphin, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This is an appeal from an order vacating a default judgment. Appellants filed suit against appellee on November 1, 1963, as the result of an automobile collision, and service was effected on November 13, 1963. Upon appellee's failure to appear or answer within the prescribed time, a default judgment was taken on April 9, 1964. In July 1965, a certified copy of the judgment was transmitted to the District of Columbia Department of Motor Vehicles, and appellee was forced to surrender her operator's permit. On August 11, 1965, sixteen months after the judgment had been entered, appellee's attorney filed a motion to set aside the default unsupported by affidavit and not accompanied by a verified answer setting forth a prima facie defense, as required by the trial court's Civil Rule 55(e) (2). The motion alleged that the individual appellant and the appellee had mutually released each other from liability in August 1963, and that upon receipt of the summons and complaint, appellee contacted appellant Smith who assured her his insurance company had filed the complaint by mistake and that there would be no need for her to answer. The trial court granted the motion to vacate, apparently basing its action on Civil Rule 60(b) (6) which allows relief for "any other reason justifying relief from the operation of the judgment."

■ This court has ruled that ordinarily an order vacating a default judgment is not final and therefore not appealable; however, if a court vacates a judgment after the time within which it has the power to do so, the order is appealable.[1] Appellee relies on Rule 60(b) (6) which contains a "reasonable time" standard for making the motion to vacate. We have held that this provision cannot be used to nullify the definite time limitation (ninety days) applicable to Rule 60(b) (1, 2, 3), nor can its scope be enlarged to include the grounds for relief set out elsewhere in Rule 60(b).[2]

■ The facts show that appellee's grounds for relief below may be characterized as either a mistake as to the autonomy of the appellants and their respective claims, neglect in not contacting the insurance company, or a misrepresentation of an adverse party, all of which fall within Rule 60(b) (1) or (3). Since her motion was made more than ninety days after judgment was entered, the trial court was without jurisdiction to grant the relief it did.

1. Brenner v. Williams, D.C.App., 190 A. 2d 263 (1963); Hantman v. Zeiger, D.C. Mun.App., 135 A.2d 650 (1957); Harco, Inc. v. Greenville Steel and Foundry Company, D.C.Mun.App., 112 A.2d 920 (1955).

2. Hantman v. Zeiger, supra, n. 1.

We are not aware of any "other reason justifying relief" under Rule 60(b) (6), and therefore reverse the order of the trial court with instructions to reinstate the judgment.

So ordered.