**Daniel DA COSTA, Appellant,**

v.

**Irwin RUBEN, Appellee.**

**No. 3987.**

District of Columbia Court of Appeals.

Argued Nov. 21, 1966.

Decided Jan. 6, 1967.

Joseph F. Dugan, Washington, D. C., for appellant.

L. Leonard Ruben, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

QUINN, Associate Judge.

Appellee sued to recover $900 allegedly due on a loan to appellant. Both parties were represented by counsel and responsive pleadings were filed. On the day of trial appellant failed to personally appear, although his counsel was present, and a trial finding was entered against him. Six months later he moved to vacate the judgment thereon; his motion was denied, and he appeals.

This case is governed by Civil Rule 60(b), the pertinent parts of which appear in the margin.[1] Appellant alleged below that he had been misled by appellee into believing the action had been dismissed. Whether this is characterized as mistake, excusable neglect, fraud, misrepresentation or other misconduct of an adverse party, the motion must be made within three months after judgment or it will be denied as untimely filed. Rule 60(b) (1) and (3). Since this was the only allegation before the trial court, appellant's claim that it should have considered Rule 60(b) (6) is without merit, and it was correct in denying the requested relief.

[1]. Ct.Gen.Sess.Civ.Rule 60(b) provides: "On motion, and upon such terms as are just, the court may relieve a party or his legal representatives from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (3) fraud * * *, misrepresentation, or other misconduct of an adverse party; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than three months after the judgment, order, or proceeding was entered or taken."

Appellant contends that the following circumstances, none of which were raised below, when considered together constitute sufficient grounds for vacating the judgment under Rule 60(b) (6): (1) appellant's trial attorney [2] was guilty of neglect in not requesting a continuance at trial and in not making more diligent efforts to locate appellant; (2) no Soldiers and Sailors affidavit was filed; and (3) no *ex parte* proof was taken.

Our holding in Miller v. Werner, D.C.Mun.App., 185 A.2d 723 (1962), is dispositive of the second point.[3] As to the third, the rules do not require the taking of *ex parte* proof in a case of this nature.[4] In determining whether trial counsel was guilty of "inexcusable neglect," it is necessary to note what he did as well as what he did not do. He filed an answer, counterclaim, and demand for a jury trial, appeared at pretrial nearly a year later, and the month after that appeared at trial. He attempted to contact appellant by mail only to learn that appellant had moved twice, leaving no forwarding address. Appellant admits he could not be reached by telephone because he had an unlisted number. Furthermore, it was not until after attachments had been issued, nearly a year and a half after the action was begun, that appellant first told his attorney that the action was supposed to have been dismissed. Counsel then filed and argued the motion to vacate. Under the circumstances, we hold that if there was any neglect on the part of counsel, it was "excusable" and directly attributable to appellant. Compare L. P. Steuart, Inc. v. Matthews, 117 U.S.App.D.C. 279, 329 F. 2d 234, cert. denied, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964). The motion was therefore untimely filed under Rule 60(b) (1).

There being no "other reason justifying relief" under Rule 60(b) (6), the ruling of the trial court is

Affirmed.

2. Appellant's present counsel entered the case after the motion to vacate had been denied.

3. That case held that where the complaining party was not a member of the armed services and was not injured or affected by plaintiff's failure to file the affidavit, the judgment was not vitiated.

4. Ct.Gen.Sess.Civ.Rule 55 requires *ex parte* proof in certain cases involving default judgments. In the instant case judgment was entered on a trial finding for appellee.