**Joyce D. ROUSE, Appellant,**

v.

**NATIONAL SEATING COMPANY, Inc., Appellee.**

**No. 4223.**

District of Columbia Court of Appeals.

Argued May. 13, 1968.

Decided July 24, 1968.

John E. Kennahan, Washington, D.C., with whom Joseph D. Bulman, Washington, D.C., was on the brief, for appellant. Sidney M. Goldstein and Arthur S. Feld, Washington, D.C., also entered an appearance for appellant.

Austin F. Canfield, Jr., Washington, D.C., with whom Richard W. Galiher, Washington, D.C., was on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

8. Cf. Higgins v. United States, U.S.App.D.C. (No. 20,920, decided June 28, 1968).

KELLY, Associate Judge:

On motion of appellee under GS Civil Rule 41(b),[1] the trial court dismissed appellant's action in tort for lack of diligent prosecution and she appeals.

Suit was filed on June 23, 1965, a little more than two years after the alleged accident. The summons which issued the same day for service upon appellee's resident agent at his place of residence was returned with the notation that the agent had moved. Approximately six weeks later, on August 6, 1965, an alias summons issued for service on the resident agent at his business address. As it turned out, the business address was that of an answering service only, so that service was again attempted at the residence address and again the return showed that the agent had moved. No further action was taken until August 23, 1966, when a third summons issued and service was obtained at an address listed for the agent in the then current telephone directory. Appellee responded with the motion to dismiss which was granted by the court.

 Dismissal of a cause of action for lack of diligent prosecution rests in the sound discretion of the trial court and reversal of the court's discretionary finding is granted only upon a showing of clear abuse.[2] Appellant argues there was a lack of proper proof by affidavit or by testimony that appellee's resident agent was within the District of Columbia and available for service during the near thirteen-month period of inactivity. Yet the trial court did have before it the telephone directory for the year 1965–1966, issued prior to the attempted service of the first alias summons, giving the agent's new residence address, and it was from the next issued yearly directory that counsel discovered the correct address at which he ultimately obtained service. This, we think, suffices for a prima facie showing of the agent's presence in the city and, in the absence of contradiction, for proper proof of appellant's neglect in perfecting service.

Appellant also stresses the fact that the first alias issued a mere six weeks after suit was filed, and the further fact that counsel was in continuing contact with appellee's representatives both before and after suit was filed. These matters were before the trial judge and were considered by him in arriving at his decision. They were not persuasive and, in the exercise of sound judicial discretion, the trial judge granted the motion to dismiss. This record reveals no abuse of that discretion.

Affirmed.

---

1. (b) INVOLUNTARY DISMISSAL: EFFECT THEREOF. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *

2. Shakesnider v. Rosenfeld, D.C.Mun.App., 144 A.2d 106 (1958); Berch to Use of Nationwide Mut. Ins. Co. v. Rosner, D.C. Mun.App., 136 A.2d 260 (1957); Dickson v. Marshall, D.C.Mun.App., 111 A.2d 879 (1955); Steele v. General Baking Co., D.C.Mun.App., 101 A.2d 845 (1954).