**RAILWAY EXPRESS AGENCY, INC., and Walter E. Gilmore, Appellants,**

**v.**

**Lycurgus HILL, Appellee.**

**No. 4395.**

District of Columbia Court of Appeals.

Argued Nov. 26, 1968.

Decided March 10, 1969.

---

**8.** Appellant made no request of the court for such findings, without which, he says, appellate review is almost impossible.

924

Henry H. Paige, Washington, D.C., with whom Arthur P. Drury, John M. Lynham and John E. Powell, Washington, D.C., were on the brief, for appellants.

Marvin E. Preis, Washington, D.C., with whom Harry I. Barnett, Washington, D.C. was on the brief, for appellee.

Before FICKLING and GALLAGHER, Associate Judges, and QUINN (Associate Judge, Retired).

QUINN, Judge:

This is an appeal from an order granting a motion to reinstate a cause of action which had been dismissed for want of prosecution. For clarity, the parties are referred to as plaintiff and defendant.

The litigation out of which this appeal arose began in March of 1962 when plaintiff, through his former attorney, filed suit against defendant in the United States District Court for the District of Columbia. The action was certified to the Court of General Sessions in 1964 and pretrial hearing was set for August 18, 1965. No appearance was made on behalf of plaintiff at pretrial so the action was dismissed for want of prosecution and notice of the dismissal was sent to counsel of record for both parties.

No steps were taken to revive the action until May 5, 1967, when plaintiff, through his present attorney, filed a motion to reinstate under General Sessions Rule 60(b). This was over twenty months after the dismissal was entered. The motion requested relief on the grounds that:

> [T]he case was not prosecuted by the plaintiff's former attorney * * * due to that attorney's mistake, inadvertence, surprise or neglect * * * and for such other and further reasons as will be presented at the time of the hearing * *.

Plaintiff supported his motion by an affidavit stating that he had not been given notice of the pretrial hearing and had not learned of the dismissal until fourteen days before the filing of the motion.

On the basis of the affidavit and the oral argument, the motion to reinstate was granted on June 7, 1967. Defendant appeals on the ground that the relief granted plaintiff is precluded by Rule 60(b).

In pertinent part, this rule provides that:

> On motion, and upon such terms as are just, the court may relieve a party or his

legal representatives from a final judgment, order or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect * * * (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than three months after the judgment, order, or proceeding was entered or taken * * *.

The dominant purpose of this rule is to "buttress the finality of judgments" by providing a definite time limit within which to attack final judgments. At the same time, it was considered necessary to allow, through the "catch-all" provision of subsection (6), a method for granting relief beyond the time limitation in unusual and extraordinary situations justifying an exception to the overriding policy of finality. *See* J. Moore, Federal Practice § 60.27 (2d ed. 1966).

This court has been keenly aware of the danger that the exception of subsection (6) might be used to undermine the rule. In Blacker v. Rod, D.C.Mun.App., 87 A.2d 634 (1952), we stated, at 636, that:

> The limitation imposed by [now, Rule 60(b)] is an expression of the policy of terminating litigation which is essential to the proper administration of justice. To permit the defendant to have the judgment vacated when by his own fault he has placed himself in this situation would be to open the flood gates to all those who would first let a case go by default, and then * * * seek to have the judgment vacated under this catch-all clause. It was not the intention of the rule makers to permit this catch-all

clause to destroy the fundamental idea of ending litigation and assuring the litigants of their position once a judgment has been entered.

To prevent the type of misuse of subsection (6) suggested in Blacker v. Rod, we have required strict compliance with the three-month time limitation where the reasons advanced for relief came within the scope of subsections (1) through (3) of Rule 60(b),[1] and have restricted the application of subsection (6) to unusual and extraordinary situations.[2]

Plaintiff in the instant appeal contends that the situation in which he found himself was extraordinary and thus warranted relief under the "catch-all" provision. In support of this contention, he cites L. P. Steuart, Inc. v. Matthews, 117 U.S.App. D.C. 279, 329 F.2d 234, cert. denied, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964), wherein the United States Court of Appeals for the District of Columbia upheld a reinstatement under Rule 60(b) (6), although the motion was brought beyond the time limitation applicable to subsections (1) through (3), where the movant's attorney had completely abandoned the case and had misled him with false assurances upon each of "numerous inquiries" made by the movant.

■ We would agree that the total disregard by an attorney of his client's cause is an exceptional occurrence. This does not, however, automatically entitle plaintiff to relief under subsection (6). Rather, the effect of such an unusual occurrence is only to bring about the unusual situation where the attorney's misconduct is not imputed to the client.

1. Smith v. Reese, D.C.App., 221 A.2d 439 (1966); Investment Bankers of America, Inc. v. Schools, D.C.Mun.App., 178 A.2d 325 (1962); Little v. Johnson, D.C.Mun.App., 145 A.2d 852 (1958); Hantman v. Zeiger, D.C.Mun.App., 135 A.2d 650 (1957); Holden v. Peters, D.C. Mun.App., 116 A.2d 155 (1955).

2. Meadis v. Atlantic Construction & Supply Co., D.C.App., 212 A.2d 613 (1965); Brenner v. Williams, D.C.App., 190 A.2d 263 (1963); Harco, Inc. v. Greenville Steel and Foundry Co., D.C.Mun.App., 112 A.2d 920 (1955).

Ordinarily, the acts and omissions of counsel are imputed to the client even though detrimental to the client's cause. This rule is necessary for the orderly conduct of litigation. Da Costa v. Ruben, D.C.App., 225 A.2d 309 (1967). We have recognized that an exception to this rule is appropriate where the conduct of counsel is outrageously in violation of either his express instructions or his implicit duty to devote reasonable efforts in representing his client. Jones v. Roundtree, D.C.App., 225 A.2d 877 (1967); Askew v. Randolph Carney Co., D.C.Mun.App., 119 A.2d 116 (1955).

When the conduct of counsel is not imputed to the client, we look to the conduct of the client himself for purposes of applying rules such as 60(b). In L. P. Steuart, Inc. v. Matthews, *supra,* the court agreed with the lower court judge who had allowed the reinstatement that

> [I]n this particular case the client, plaintiff, a person unfamiliar with court procedures, should not be penalized by the action of his counsel, who admittedly did not attend to the matter when he received notice of the contemplated dismissal.

In affirming the reinstatement, however, the court, continuing at 117 U.S.App.D.C. 280, 329 F.2d 235, looked to the conduct of the plaintiff, noting that *"On the part of Matthews himself there was no neglect."* (emphasis added).

To escape the time limitation of 60(b) (1), which requires that motions for relief from judgment be brought within three months where the reason therefor is "excusable neglect," it is not enough that the neglect of the attorney is not imputed to the movant. The movant must show that his own conduct was not negligent. Thus, in Edwards v. Stewart Motor Co., D.C.Mun.App., 171 A.2d 257 (1961), we affirmed the denial by the lower court of a motion to vacate under 60(b), notwithstanding the attorney's grossly negligent conduct, where it appeared that the movant's conduct showed a lack of diligence in following the course of his litigation. At 171 A.2d 258, we noted:

> Here the trial judge was confronted with a situation where a case was filed in 1957 and apparently no effort was made to check its status for almost three years. * * * We think the time period in this case shows a lack of diligence and the trial court was justified in holding that the motion did not fall within the purview of Rule 60(b) (6).

The plaintiff in the instant appeal showed a remarkable indifference to the progress and prospects of his suit against the defendant. The standard of diligence required of litigant plaintiffs is higher than that required of defendants. This higher standard results from the fact that a plaintiff, having initiated an action seeking affirmative relief, is deemed to be more personally responsible for any failure in the prosecution of his claim.

In Bridoux v. Eastern Air Lines, Inc., 93 U.S.App.D.C. 369, 214 F.2d 207, cert. denied, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954), the differing standards which apply are vividly illustrated. In that case, Mr. Bridoux, following the initiation of the action, returned to Bolivia in an effort to restore his failing resources, leaving his defense and his counterclaim in the hands of his attorneys. Upon returning, he discovered that his attorneys had abandoned him because they had not been paid, that a default judgment had been taken against him, and that his counterclaim had been dismissed for want of prosecution. Through new counsel, Mr. Bridoux made motions under 60(b) which were denied. On appeal, the order was reversed as to the default judgment, the court noting that the withdrawal of counsel brought the motion under the "any other reason" of sub-

section (6). But as to the counterclaim, the court held, at 93 U.S.App.D.C. 372, 214 F.2d 210:

> Litigation over it is more directly attributable to him than the claim initiated against him by Eastern. His lack of diligence in respect to his counterclaim might appropriately be made to bear some of the consequences of his default.

■■■ The lack of diligence of the plaintiff in this appeal, evidenced by his failure to contact his attorney for at least the twenty-month period following the entry of the judgment of dismissal, requires us to reverse the reinstatement as barred by the ninety-day limitation, unless there was a reasonable excuse or justification, such as illness or incapacity, which would negate the inference of negligence which arises from the untimeliness of the

motion. No such explanation appears here and it is the movant's duty, in bringing any 60(b) motion, "to show good reason for his failure to take appropriate action sooner." 3 Barron & Holtzoff, Federal Practice and Procedure § 1330, at 421. The negligence or malfeasance of plaintiff's attorney is no excuse for the plaintiff's own negligence; it cannot justify his own lack of diligence.

The plaintiff's negligence here brought his motion within subsection (1) of Rule 60(b) and the court below was without jurisdiction to grant the motion beyond the three-month limitation imposed therein. We therefore reverse the order granting the reinstatement and order that the judgment of dismissal for want of prosecution be made final.

It is so ordered.