Phronsie I. M. SITWELL, Appellant,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.

No. 4931.

District of Columbia Court of Appeals.

Argued Feb. 11, 1970.

Decided March 24, 1970.

Earl H. Davis, Washington, D. C., for appellant.

David F. Grimaldi, Washington, D. C., with whom Richard W. Galiher, William E. Stewart, Jr., and William H. Clarke, Washington, D. C., were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge.

On September 27, 1963, appellant filed suit against appellee in United States District Court for the District of Columbia to recover medical payments (Count I) and damages for fraudulent misrepresentation and bad faith (Count II). The District Court dismissed Count II and certified the remaining claim to the Court of General Sessions, pursuant to D.C.Code 1967, § 11–962.

A pre-trial conference was held on July 20, 1964, at which both parties appeared. However, as appellee did not file an answer or a pre-trial statement, appellant moved for judgment by default. This was denied and the pretrial judge allowed appellee 20 days to file an answer and pre-trial statement (which was done). The case was to be reset for pre-trial and notices were to be sent to respective counsel.

On March 9, 1966, appellant's motion to amend the caption to show local residency was denied and appellee's motion to require her to furnish security for costs was granted (which was done).

On February 6, 1969, appellee filed a motion to dismiss for failure to prosecute. The motion was heard and granted on March 4, 1969.[1]

On appeal, appellant apparently for the first time argues that the delay was occasioned by the failure of the clerk's office to reset the case for pre-trial as had been directed by the pre-trial judge and, therefore, the dismissal was an abuse of discretion.

■ It is well settled that a plaintiff must prosecute his action with due diligence and that lack of such diligence warrants dismissal of his action. Shakesnider v. Rosenfeld, D.C.Mun.App., 144 A.2d 106 (1958). As a general rule, the issue of what constitutes lack of diligence is one of fact for the trial court, and dismissal rests in its sound discretion. Christian v. Bruno, D.C. App., 247 A.2d 54 (1968). Only upon a showing of clear abuse of discretion may we reverse such a finding. Rouse v. National Seating Company, Inc., D.C.App., 244 A.2d 491 (1968). Where there is no issue of fact, the question of lack of diligence is one of law. *Shakesnider.*

Appellant offers no explanation of her failure to inquire of the clerk's office why she had not received a notice of the pre-

1. The record fails to show any written opposition to the motion or a statement of proceedings and evidence of what transpired at the hearing on the motion.

trial conference being reset. She merely sat back for 35 months after filing her undertaking for security for costs on April 4, 1966, and waited to be notified of a pre-trial conference by the court.

 A party is not relieved of his responsibility to prosecute his claim diligently because of the court's failure to set a cause for pre-trial. It is the plaintiff's duty to inquire within a reasonable time about the inaction of his claim and take appropriate steps to bring his case to trial.[2]

We hold that these undisputed facts establish, as a matter of law, appellant's lack of due diligence in prosecuting her claim.

Therefore, the trial court's dismissal of the complaint is

Affirmed.

2. *See* G.S.Civil Rule 79(c) which provides:
     An action when at issue shall be placed on the ready calendar by the assignment commissioner. However, nothing contained in this rule shall relieve the plaintiff or his attorney from the independent duty to prosecute his claim diligently pursuant to the requirements of Rule 41(e) or other applicable law.
     *See also* Woods v. Baltimore & O. R. R., D.C.Mun.App., 149 A.2d 425 (1959).