John Arthur BOND, Appellant,

v.

Marjorie C. WILSON, Appellee.

No. 13423.

District of Columbia Court of Appeals.

Argued Dec. 12, 1978.

Decided Feb. 13, 1979.

Gary B. Bonnett, Washington, D. C., for appellant.

Bernard J. Harig, Washington, D. C., for appellee.

Before YEAGLEY, MACK and FERREN, Associate Judges.

YEAGLEY, Associate Judge:

This appeal is from a denial of a motion to reinstate a cause of action in negligence dismissed by the trial court for want of prosecution.

Appellant engaged the services of Zollie Richburg of the law firm of Gates and Richburg to represent him in the matter of a June 24, 1974 automobile collision in which he was involved with appellee. Through one of the firm's associates, Lawrence Hoffman, appellant filed suit against appellee in the Superior Court of the District of Columbia in May 1975. Appellee answered the complaint and posed interrogatories to appellant, which were mailed to Mr. Hoffman. Not until one month after appellant's responses were due did Mr. Hoffman, in a letter containing instructions how to prepare the responses, inform appellant of the existence of, and the necessity to respond to, the interrogatories. Although appellant promptly prepared his answers, they were not filed by the firm until after the court granted an unopposed motion to compel discovery. The answers were filed on November 21, 1975 and were signed by appellant and by Zollie Richburg as counsel.

On August 14, 1975, the case was calendared for trial for January 30, 1976. On January 8, appellant, accompanied by another associate from the firm, Carl Hetherington, was deposed by counsel for appellee.[1] For reasons not evident from the record, trial was postponed. On April 5, 1976, it was rescheduled for September 30, 1976.

Appellant was not notified of the new trial date by the firm and neither he nor his counsel appeared for trial.[2] Appellee and her counsel were present. Apparently the court scheduled a hearing on the matter for the next day at which counsel for appellant was present. After the hearing the court assessed costs against appellant for the payment of one day's wages to appellee and for fees for witnesses subpoenaed by her. The firm did not notify appellant of these developments.[3]

In December, the action was reset for a February 11, 1977 trial. Again, appellant was not notified and neither he nor counsel appeared on that date. This time the court granted a motion by appellee to dismiss the action with prejudice for failure of appellant to prosecute his cause of action.[4]

Appellant had maintained rather regular contact with the firm of Gates and Richburg from the time he hired them until the date his deposition was taken in January 1976. During the next three months he called the firm "two or three times"[5] in an effort to speak with Mr. Richburg. Each time Mr. Richburg was not in, but appellant was informed by employees of the firm that the case was progressing smoothly. Counsel did not notify appellant that his suit had been dismissed nor that costs had been assessed against him. Appellant did not contact the firm again until he telephoned in the summer of 1976. Again he was unable to speak with Mr. Richburg. Because he was dissatisfied with the responses he was receiving, in the fall of 1976 appellant visited the firm to speak with Richburg, but, once more, Richburg was out. Appellant's last contact with the firm was another call he made in either late 1976 or early 1977.

Appellant did not become cognizant of the dismissal of his complaint until November 1977, when he consulted present counsel regarding a letter he had received from the attorney representing appellee's insurance carrier. That letter indicated a default judgment had been entered against appellant in the Small Claims and Conciliation Branch of the Superior Court for the property damage sustained by appellee's automobile in the collision. After being informed by appellant that a personal injury suit concerning the same matter was pending in Superior Court, counsel investigated

---

1. At the taking of the deposition, counsel for both parties discussed the upcoming trial, but there is no evidence that appellant was involved in the conversation or that he overheard the parties mention the date for trial.

2. The only indication in the record why counsel for appellant did not appear is a statement made by counsel for appellee at the hearing on the motion to vacate. He said it was his understanding "that the assignment office upstairs got a call from Mr. Richburg's office that he was sick."

3. The assessment remains unpaid.

4. On January 15, 1977, almost one month before trial, counsel for appellee received a letter from one Lee Marshall McLean stating that Mr. Richburg had closed his law practice and referred appellant's case to Mr. McLean's firm. The letter also said that the firm was in the process of contacting appellant and would notify the court and counsel for appellee when contact was made. Mr. McLean did not appear in court on appellant's behalf at trial. In fact, he never contacted appellant and appellant seemingly was unaware of the events which had transpired until his present counsel discovered the letter after the motion to vacate had been filed but before it had been argued.

Because he was not apprised of these activities until after dismissal, appellant cannot be said to have relied upon McLean's representations to his detriment. Nor can receipt of the letter be construed as notice to appellee that appellant would not appear nor be represented. The letter did not suggest a postponement of the trial or that neither appellant nor counsel would appear. At best, the letter is additional evidence that Mr. Richburg and his firm had totally neglected appellant's case.

5. The details of appellant's efforts to speak with Mr. Richburg and other employees of the firm were provided by appellant in testimony he gave in a deposition taken by counsel for appellee on January 26, 1978, after the motion to vacate was filed but before it was argued.

and discovered that the complaint had been dismissed in February 1977. His research also revealed that Mr. Richburg had been disbarred by both the District of Columbia Court of Appeals and the United States Court of Appeals for the District of Columbia in March 1977. Counsel was further informed by the office of the Bar Counsel of the District of Columbia that Mr. Richburg apparently had fled the country in January 1977 due to a grand jury proceeding in the District of Columbia that had been initiated against him by the United States Attorney's Office. Mr. Hoffman, appellant's first counsel of record, had disassociated himself with the firm, although the exact date of his departure is not shown. The status of Mr. Hetherington, who represented appellant at his January 1976 deposition, is not a matter of record.[6] Appellant's motion to vacate was filed on January 9, 1978.

Appellant claims that the conduct of his counsel constituted "excusable neglect" within the meaning of Super.Ct.Civ.R. 60(b)(1). Alternatively, he argues that if subsection (b)(1) does not provide relief, subsection (b)(6) does because counsel's behavior was grossly negligent. *See L. P. Steuart, Inc. v. Matthews*, 117 U.S.App.D.C. 279, 329 F.2d 234, *cert. denied*, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964).

"A motion to vacate a default judgment is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed on appeal except for abuse." *Citizens Building & Loan Association v. Shepard*, D.C.App., 289 A.2d 620 (1972). Our review of this discretion recognizes that there is a judicial preference for resolution of disputes on the merits rather than by the harsh sanction of dismissal. *Garces v. Bradley*, D.C.App., 299 A.2d 142 (1972). However, we are also mindful that a plaintiff must prosecute his action with due diligence or suffer dismissal. *Sitwell v. Government Employees Insurance Co.*, D.C.App., 263 A.2d 262 (1970).

As a rule, "the acts and omissions of counsel are imputed to the client even though detrimental to the client's cause." *Railway Express Agency, Inc. v. Hill*, D.C. App., 250 A.2d 923, 926 (1969). Nonetheless, "where the conduct of counsel is outrageously in violation of either his express instructions or his implicit duty to devote reasonable efforts in representing his client," the consequences of his conduct will not be visited upon his client. *Id. See also Jones v. Roundtree*, D.C.App., 225 A.2d 877 (1967). We find counsel's conduct was so egregious that in fairness it should not be imputed to appellant. It demonstrates a complete lack of concern for appellant's interests and cannot be countenanced by this court.

However, our refusal to burden appellant with counsel's malfeasance is not tantamount to a finding of "excusable neglect" under Rule 60(b)(1). Our decisions require a movant under that rule to demonstrate not only that his counsel was negligent, but that the movant himself was assiduous in pursuing his claim. *See Railway Express Agency v. Hill, supra.* (Despite total disregard of client's cause by attorney, plaintiff's failure to contact attorney for more than 20 months after dismissal precludes reinstatement of action); *Edwards v. Stewart Motor Co.*, D.C.Mun.App., 171 A.2d 257 (1961) (attorney's gross negligence does not require reinstatement where plaintiff did not investigate status of action for almost three years after filing); *cf. L. P. Steuart, Inc. v. Matthews, supra* (trial court did not abuse its discretion in reinstating cause of action where personal problems of counsel caused him to mislead, and neglect the cause of, diligent client).

In denying appellant's motion to vacate in this case, the trial court found that appellant, without sufficient reason, failed to make any effort to contact his counsel or in any other manner prosecute his complaint

6. George Gates, a partner of Richburg's, also was disbarred by the District of Columbia Court of Appeals in August 1976 and was believed to be incarcerated in Texas at the time the motion to vacate was argued. Because there is no evidence that Mr. Gates had any involvement with appellant's lawsuit, we regard his disbarment as irrelevant to this appeal.

for approximately one year prior to filing his motion. While we cannot hold appellant responsible for events prior to January 1977, when counsel was grossly negligent and appellant was diligent, we see no reason why counsel's behavior should protect appellant from his own inaction thereafter. We therefore hold that the trial court did not abuse its discretion in denying the motion to vacate under Rule 60(b)(1).

Since the factors a court must consider when a motion to vacate is brought under Rule 60(b)(6) are very similar to those the court must examine when a motion for relief due to conduct of counsel is timely filed under Rule 60(b)(1), we also conclude that the former rule provides no remedy for appellant. *See Railway Express Agency, Inc. v. Hill, supra* at 926–27; *Bridoux v. Eastern Air Lines, Inc.,* 93 U.S.App.D.C. 369, 372, 214 F.2d 207, 210, *cert. denied,* 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954).

Accordingly, the order of the trial court is *Affirmed.*