**Michael J. VON PLINSKY, Appellant,**

v.

**Edwin H. HARVEY, Appellee.**

**No. 02–CV–363.**

District of Columbia Court of Appeals.

Submitted March 25, 2003.

Decided April 10, 2003.

**550**

John A. Taylor for appellant.

James Benny Jones, Washington, for appellee.

Before SCHWELB and GLICKMAN, Associate Judges, and FERREN, Senior Judge.

GLICKMAN, Associate J.

Appellant Michael Von Plinsky obtained a default judgment in Virginia against appellee Edwin Harvey in a suit on a promissory note. Von Plinsky filed the Virginia judgment in Superior Court pursuant to

D.C.Code § 15–352 (2001), a provision of the Uniform Enforcement of Foreign Judgments Act of 1990. That section provides that a foreign judgment so filed "shall have the same effect and be subject to the same procedures, defenses, or proceedings for reopening, vacating, or staying as a judgment of the Superior Court and may be enforced or satisfied in the same manner." *See also* Super. Ct. Civ. R. 72.

Notice of the filing of the Virginia judgment in Superior Court was mailed to Harvey. Harvey did not respond to the notice. Thereafter, Harvey was served with a subpoena requiring his appearance for an oral examination in Superior Court. Harvey then moved to vacate the foreign judgment. His motion asserted as grounds (1) that Harvey "denies being served with process at the commencement" of the Virginia lawsuit, and (2) that "legal disputes [should] be resolved on the merits." The unverified motion was signed only by Harvey's counsel, was not supported by affidavit or other evidence substantiating the claim that Harvey was not served in the Virginia action, and did not set forth a meritorious defense to the debt underlying the judgment.

Von Plinsky filed a verified opposition to the motion. The opposition attached the affidavit of personal service on Harvey that was filed in the Virginia action. The affidavit included a detailed physical description of Harvey. Von Plinsky's opposition also noted that the debt was undisputed. Harvey did not reply to Von Plinsky's opposition. No hearing was requested on the motion, and none was held.

The court granted the motion to vacate without explanation.[1] Von Plinsky appeals that order. We reverse. Neither ground

1. A review of the record indicates, as Von Plinsky suggests, that the trial court may have acted under the mistaken impression that the motion was unopposed.

that Harvey asserted entitled him to relief from the judgment. Harvey's unsubstantiated assertion in an unsworn pleading was insufficient to rebut the process server's sworn averment that she served Harvey personally in the Virginia action. *See Brady v. Graham*, 611 A.2d 534, 536 (D.C. 1992) ("Given the complete one-sidedness of the evidence, we conclude that appellant failed to articulate at the trial level any basis for setting aside the default judgment on a theory of failure of service."). Harvey's unsupported invocation of the preference for resolving disputes on the merits was equally inadequate; "[w]hat is required is a meritorious defense, something more than a bald allegation." *Clark v. Moler*, 418 A.2d 1039, 1043 (D.C.1980); *accord, Brady*, 611 A.2d at 536 (affirming denial of motion to vacate default judgment where "appellant failed to disclose in his motion sufficient facts or legal theory supporting his claimed defense"). Further, no other relevant factors are present to justify vacating the judgment in this case. "[T]he factors of good faith and prompt action upon discovery of the judgment did not particularly weigh in favor of vacating the default judgment in light of [Harvey's] failure to take any action" until he was subpoenaed for an oral examination. *Brady*, 611 A.2d at 537. Vacating the judgment was potentially prejudicial to Von Plinsky "*vis-a-vis* competing creditors." *Id.*

We reverse the order on appeal and direct that the Virginia judgment against Harvey be reinstated in the Superior Court.